**FILED**
February 16, 2022 04:13 PM
SX-2006-CV-00231
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| KADAR MOHANSINGH, <br><br> Plaintiff, <br><br> v. <br><br> HESS CORPORATION, HESS OIL VIRGIN ISLANDS CORPORATION and LITWIN CORPORATION, <br><br> Defendants. | Case No. SX-2006-CV-00231 <br> Complex Litigation Division <br><br> (Grouped under SX-15-MC-198) |

Cite as: 2022 VI Super 23U

**MEMORANDUM OPINION**
(Filed February 16, 2022)

Andrews, Jr., *Judge*

## INTRODUCTION

¶1  This Court recently granted Plaintiff's request for an expedited trial date based upon a newly enacted preferential trial statute designed to benefit senior plaintiffs in civil cases. Defendants now move the Court to stay the trial and certify certain constitutional questions (pertaining to the legality of the preference statute) for interlocutory appeal. Plaintiff opposes the request for stay. For the reasons mentioned below, this Court concludes that the prerequisites for certification of an interlocutory appeal are not present and will thus deny Defendants' motion.

## PROCEDURAL BACKGROUND

¶2    On January 14, 2022, this Court granted plaintiff Kadar Mohansingh's Motion for a Preferential Trial Date, pursuant to 5 V.I. § 31(b)(4), and set trial for March 21, 2022. On February 1, 2022, defendants Hess Corporation and Hess Oil Virgin Islands Corporation (collectively Hess) filed a Motion to Stay the Trial and Certify Questions of Law for Interlocutory Appeal relative to the ruling issued on January 14, 2022. Mot. to Stay and Certify. Defendant Litwin Corporation joined Hess' motion on February 3, 2022. Joinder in Mot. to Stay and Certify. On February 2, 2022, all parties filed a Joint Motion to Continue Trial. Joint Mot. to Continue Trial. As a result, trial is now set for April 20, 2022. Plaintiff opposed the Motion to Stay and Certify Questions of law for Interlocutory Appeal on February 10, 2022. Defendant's filed their reply on February 14, 2022.

## APPLICABLE LAW

¶3    Defendants move this Court to stay trial, now set for April 20, 2022, and certify certain constitutional questions for interlocutory appeal pursuant to Section 33(c) of Title 4, Virgin Islands Code. That statute provides

> (c) Whenever the Superior Court judge, in making a civil action or order not otherwise appealable under this section, is of the opinion that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of litigation, the judge shall so state in the order. The Supreme Court

of the Virgin Islands may thereupon, in its discretion, permit an appeal to be taken from the order, if application is made to it within ten days after the entry of the order; except that application for an appeal hereunder may not stay proceedings, in the Superior Court unless the Superior Court judge or the Supreme Court or a justice thereof orders a stay of the proceedings.

4 V.I.C. § 33(c). The statute "grants full authority to the trial judge to issue an opinion" certifying questions for interlocutory appeal when the judge determines that the prerequisites are met. In re Le Blanc, 49 V.I. 508, 523 (V.I. 2008). Absent the issuance of a favorable opinion, "a civil interlocutory appeal cannot ensue." Id. (stating "No litigant has a right to be heard on whether the trial court should enter an order for interlocutory appeal, because such an appeal is dependent on the trial judge's opinion). This Court notes that piecemeal litigation, as is inherent in interlocutory appeals, is disfavored. As stated in Davis v. Am. Youth Soccer Org.,

> At the outset, it must be noted that the statutory framework of title 4, Section 33(c), Virgin Islands Code enforces a sound judicial policy which strongly disfavors piecemeal appeals. The purpose of this policy is to avoid the delay inherent in permitting immediate review of all interlocutory orders, and the havoc that practice would inflict upon the trial process. In light of this policy and its purposes, Section 33(c) should be strictly construed.

2016 V.I. LEXIS 262, No. ST-09-CV-70 at * 2-3, May 19, 2016 (Super. Ct. 2016).

¶4 To warrant certification for interlocutory appeal the court must be of the opinion that three criteria exist: 1) the order must involve a controlling question of law; 2) there must be substantial ground for a difference of opinion on the question;

and 3) an immediate appeal from the court's order may materially advance the ultimate termination of litigation. 4 V.I.C. § 33(c). All three (3) criteria must be met for certification to issue. Arvidson v. Buchar, 72 V.I. 50, 68 (Super. Ct. 2019).

¶5 A question of law is controlling if reversal would terminate or otherwise materially affect the outcome of the litigation. Chitolie v. Bank of Nova Scotia, 62 V.I. 85, 88 (Super. Ct. 2015), citing Charleswell v. Chase Manhattan Bank, NA., 277 F.R.D. 277, 284 (D.V.I. 2011); In re City of Memphis, 293 F.3d 345, 351 (6th Cir. 2002) (stating "A legal issue is controlling if it could materially affect the outcome of the case."). Even where the question is one of first impression, that does not ipso facto make it a controlling one. Buchar, 72 V.I. at 69 citing Diaz v. Pueblo Int'l, Inc., 23 V.I. 382, 384 (Super. Ct. 1988). Any question of law contained in an order, which if deemed erroneous would constitute reversible error on final appeal, is a controlling question. Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974).

¶6 A substantial ground for difference of opinion exists where reasonable jurists "may" disagree (i.e. they might reach contradictory conclusions). In re Trump, 874 F.3d 948, 952 (6th Cir. 2017). An interlocutory appeal materially advances termination of the litigation if it dispenses with the need for a trial, narrows, or eliminates complex, issues; or simplifies, or reduces the expense of,

discovery. L.R. v. Manheim Twp. Sch. Dist., 540 F. Supp. 2d 603, 613 (E.D. Pa.

2008). With these principles in mind, the Court determines Defendants' Motion

for Stay and Certification.

### LEGAL ANALYSIS

¶7 Defendants seek certification of two issues:

1) whether the preference statute, 5 V.I.C. § 31(b)(4), is a procedural or
   substantive law; and if procedural

2) whether the preference statute is inconsistent with V.I. R. Civ. P. Rule
   16 and Rules 92-96 and thus unconstitutional.

Mot. to Stay and Certify, p 1. These questions would be certifiable if this Court is

of the opinion that they are controlling questions of law as to which there is

substantial ground for a difference of opinion and that an immediate appeal may

materially advance the ultimate termination of this litigation. 4 V.I.C. § 33(c). As

explained below, the Court holds no such opinion.

1) <u>The Questions Posited by Defendants Are Not Controlling Questions of Law</u>.

¶8 Defendant argues that the posited questions are controlling because they

involve pure questions of law rather than the application of legal standards to

facts. Mot. to Stay and Certify, p 4. The Court concedes that the questions are

indeed "questions of law." However, such classification is only part of the

analysis. The questions of law must also be "controlling." They are not.

¶9    Reversal of this Court's order, which granted Plaintiff a preferential trial date, would not terminate or otherwise materially affect the outcome of the litigation. Chitolie, 62 V.I. at 88.    It would have zero impact on subsequent court proceedings in this matter.    It will not terminate nor determine the future course of the litigation.    It will not conserve resources nor narrow issues, as a new trial date would still have to be scheduled.    The trial will still proceed, albeit later; and the parties would still have to prepare for it.    Further, even if this Court's order is deemed erroneous, such error would not constitute reversible error as the issue is totally unrelated to the merits of the case.    At best, the error would be harmless if not a moot point.    Although the question is one of first impression, that fact alone is insufficient to classify the question as controlling. Arvidson, 72 V.I. at 69.    For these reasons, this Court is of the opinion that the two questions posited by Defendants are not controlling questions.

2) Defendants Have Not Established Substantial Ground for a Difference of Opinion.

¶10    In support of their Argument that substantial ground for a difference of opinion exists regarding the posited issues, Defendants argue that the preference statute governs trial management and scheduling as do Rules 16 and 92 through 96.    There is uncertainty, they claim, as to which authority controls "in the event of a conflict." Mot. to Stay and Certify, p 5.    This scenario, they conclude,

establishes substantial ground for a difference of opinion. Defendants' analysis is inapplicable to the issue at hand. The issue is not which authority would control "in the event of a conflict." It is whether a conflict exists between the statute and court rules. More precisely, the issue is whether there is substantial ground for a difference of opinion regarding the existence of a conflict. This Court concluded no conflict exists. No Virgin Islands court has issued a contrary opinion. Which authority controls in the event of a conflict is an easy question already ruled upon by the Virgin Islands Supreme Court. If the statute is procedural the court rules control. World Fresh Markets, LLC v. Palermo, 74 V.I. 455, 461 (V.I. 2021). If it is substantive, the statute controls. Id. Defendants' argument misses this point.

¶11 Defendants further argue that there is a difference of opinion outside the Virgin Islands as to whether similar preference statutes are substantive or procedural. Mot. to Stay and Certify, p 6. In support of this position, they cite to two cases involving similar statutes in California and Illinois. The California court found their statute to be substantive. Rice v. Superior Court, 136 Cal. App. 3d 81, 93 (Cal. App. 1982). The Illinois court found their preference statute to be procedural but not in conflict with their rules. Davidson v. Davidson, 243 Ill. App. 3d 537, 538-39 (Ill. App. 1993). Both courts, however, applied their respective preference statutes and did not find them unconstitutional. In sum, they both

support this Court's ultimate conclusion that the Virgin Islands Preference Statute

is not unconstitutional. As such, their differing conclusions do not establish that

"substantial" grounds exist for a difference of opinion.

3) <u>An Immediate Appeal Will Not Materially Advance the Ultimate Termination of the Litigation.</u>

¶12 Defendants advance several arguments in attempt to convince the court that

an immediate appeal will advance the ultimate termination of the litigation. None

are persuasive.

¶13 Defendants claim "final resolution of the posited questions will avoid

hardship in trial preparation, result in cost savings for the parties and facilitate the

parties' ability to negotiate a just and fair settlement based on the merits of the

case." Mot. to Stay and Certify, p 8. They claim that critical discovery is

outstanding and must be completed before fair settlement evaluation or trial on the

merits can occur. This argument does not establish that an immediate appeal

may materially advance the ultimate termination of the litigation. It is an argument

that may support a motion for continuance, which the Court has already granted

pursuant to the statute. The existence of outstanding discovery does nothing to

support a conclusion that completion thereof will likely lead to settlement, avoid

hardship in trial preparation, nor result in cost savings. If that was so, outstanding

discovery will always suffice to meet the third prong for determining interlocutory

appeals. It does not, however.

¶14 Defendants next argue that failure to address the posited questions "will potentially cause hardship on the parties' both in trial preparation and not knowing if the case will be dismissed on dispositive motions and/or knowing if Defendants can reliably and sufficiently test the evidence of disease causation, of which both of the latter will change Defendants' trial approach." Mot. to Stay and Certify, p 9. This argument fails to address the relevant issue of advancing the termination of the litigation. It also does not explain how denial of an interlocutory appeal will cause hardship. Denial of the appeal will not preclude knowledge of the court's decision on the "yet to be filed dispositive motions." To the contrary, denial of a stay and appeal will allow this Court to proceed with ruling on any dispositive motions that Defendants imply will be filed. Thus, the link between dispositive motions and materially advancing the litigation is nonexistent.

¶15 Defendants next suggest that this Court should consider that "a ruling on this issue would also have a significant impact on other cases pending before the Superior Court, particularly in the complex litigation division." Mot. to Stay and Certify, p 10. They argue that an interlocutory appeal will "create clarity in the law." Reply, p 2. The simple response to this is that the impact of a Supreme Court ruling on unrelated cases is irrelevant as the standard requires that the ruling

materially advance the ultimate termination of the "instant" litigation. Further, there is no ambiguity in law respecting the Virgin Islands Preference Statute that requires clarity.

¶16    As explained above, an interlocutory appeal materially advances termination of the litigation if it dispenses with the need for a trial, narrows, or eliminates complex, issues; or simplifies, or reduces the expense of, discovery. L.R. v. Manheim Twp. Sch. Dist., 540 F. Supp. 2d 603, 613 (E.D. Pa. 2008).   Under the circumstances here, it is difficult to fathom how an interlocutory appeal accomplishes any of these.   Granting an interlocutory appeal would be pointless in this case without granting a concomitant stay of further proceedings.   It would defy logic to proceed with a trial while the very commencement thereof is being challenged on appeal.   An appeal and stay, at this juncture (i.e. with trial 9 weeks away), would further perpetuate the verify harm the Legislature sought to avoid through passage of the preferential trial date; and deprive Plaintiff of the verify benefit he sought to achieve.   Defendant counters that the potential harm to Plaintiff is not a factor since, according to actuarial tables, Plaintiff's life expectancy is approximately 10 years. Mot to Stay and Certify appeal, p 9.   The Virgin Islands Legislature, however, has already determined that the age at which the benefit of a preferential trial ripens is 70 years.   It is not for this Court to second guess their

determination. The stark reality is that an appeal and stay will engender yet more delay through postponement of the trial date. Such delay is the antithesis of advancing litigation. Under these circumstances certification of an interlocutory appeal and stay of trial does not serve the best interest of justice.

## CONCLUSION

¶17 This Court concludes that the questions posited by Defendants are not controlling questions of law as to which there is substantial ground for a difference of opinion. Further, an immediate appeal from this Court's order granting Plaintiff's request for trial preference will not materially advance the ultimate termination of this litigation. To the contrary, it will materially impede the ultimate termination thereof. Accordingly, the Court will deny Defendants' Motion to Stay and Certify Interlocutory Appeal. An order consistent herewith will be entered contemporaneously.

ALPHONSO G. ANDREWS, JR.

Superior Court Judge

ATTEST:
TAMARA CHARLES
CLERK OF THE COURT

COURT CLERK
02/16/2022